# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

## Longenecker's Estate (No. 1).

226    1
f226    6

*Will—Trusts and trustees—Use of income.*

Where a testatrix gives one-half of her estate to one of her daughters in trust to apply the "income or so much thereof as it may be deemed necessary" for the comfortable maintenance and support of another daughter who was weak-minded, and upon the death of the latter to pay over the principal to the trustee's children, and testatrix knows at the time of the making of her will that the weak-minded daughter had an independent estate sufficient for her every want, the trustee, who has taken the sister into her own home in accordance with a request in the mother's will, is entitled to an allowance for the support and maintenance of her sister out of the income of the trust estate, notwithstanding the existence of the other independent estate.

Argued May 19, 1909. Appeal No. 149, Jan. T., 1909, by Harriet Longenecker, a lunatic, by her committee, from decree of O. C. Lancaster Co., April T. 1903, No. 67, sustaining exceptions to account of Maria Minnich, Trustee under the will of Elizabeth Longenecker, deceased. Before MITCHELL, C. J., FELL, BROWN, ELKIN and STEWART, JJ. Reversed.

Exceptions to an item of $4,050 claimed by the accountant out of income for expenditures for maintenance of Harriet Longenecker.

VOL. CCXXVI—1                                    (1)

From the record it appeared that Harriet Longenecker who was of weak mind had been declared a lunatic on February 1, 1890, and the People's Trust Company of Lancaster appointed her committee as to her independent estate. Elizabeth Longenecker, the mother of the lunatic, died on March 29, 1902, leaving a will the residuary clause of which was as follows:

"All the rest, residue and remainder of my whole estate, real, personal, whatsoever and wheresoever, I order and direct to be divided into two equal shares and portions and I give, devise and bequeath one equal part thereof unto my daughter, Maria Minnich, her heirs, executors, administratrix and assigns. The other equal part thereof I give, devise and bequeath unto her, the said Maria Minnich, in trust that she do continue as much thereof as possible in the real estate I now hold, all situate in said Penn Township and that the residue be put out and placed at interest, in some safe manner, and I order that the income, or so much thereof as may be deemed necessary, be used for the comfortable maintenance and support of my daughter, Harriet Longenecker, who is of weak mind. It is my request also that the said Harriet be given a home in her, the said Maria Minnich's family, or among people who will properly treat and care for her during her lifetime. At the death of the said Harriet Longenecker, the trust estate given and devised as herein set forth with the accumulated income and accrued interest, as well as what remains of the household furniture and effects given by me to the said Harriet, I give, devise and bequeath unto the children of the said Maria Minnich in equal shares and parts, to those of them then living, and the issue of any of them then dead, per stirpes."

After Mrs. Longenecker's death, Mrs. Minnich took Harriet into her family and she has since continued to reside there.

The court surcharged the accountant with the sum of $4,050, claimed in the account for expenditure out of income for the support and maintenance of Harriet.

*Error assigned* was in the following form:

The court erred in sustaining the exception filed on behalf of Susan Workman, viz.:

Exception is taken to the item of August 7, 1908, "Maria Minnich, board, maintenance and care of cestui que trust, from April 1, 1902, to January 1, 1909, at $50.00 per month,— $4,050." Decree of Court. The exception is sustained. The accountant is surcharged $4,050 and the balance is fixed at $22,182.77. As corrected, the account is confirmed.

*D. McMullen*, for appellant.—If the appellee's contention is sustained, Maria Minnich will, in her own right, receive absolutely the one-half of her mother's estate, and the other half, with all accumulations, will be held by her until the death of her sister, Harriet, and then be divided among her children.

If such was the intention, then the bequest in trust for Harriet is a mere hollow pretense, from which it was not intended that she should derive a particle of benefit.

The very question now before the court was decided by the Superior Court in Minnich v. People's Trust, Savings and Deposit Co., 29 Pa. Superior Ct. 334.

*M. G. Schæffer*, with him *O. S. Schæffer*, for appellee.— This question has not been adjudicated by Minnich v. People's Trust, etc., Co., 29 Pa. Superior Ct. 334. Neither the trustee under the will of Elizabeth Longenecker, nor her estate, nor anyone interested in the residue of this trust fund, was a party to that case nor bound by it.

OPINION BY MR. JUSTICE ELKIN, October 11, 1909:

The question to be determined on this appeal is whether the trustee under the will of Elizabeth Longenecker, deceased, in an account filed, can take credit for the care and maintenance of the cestui que trust for a period of years. Ordinarily there would seem to be only one answer to the question involved and that in favor of the validity of the claim. In the residuary clause of her will the testatrix provided that the residue of her estate, which was nearly all of it, should be

divided into two equal shares, one of which shares was given to her daughter, Maria Minnich, absolutely, and the other share was given to the same daughter in trust in order that the "income or so much thereof as may be deemed necessary, be used for the comfortable maintenance and support of my daughter, Harriet Longenecker, who is of weak mind. It is my request, also, that the said Harriet be given a home in her, the said Maria Minnich's family, or among people who will properly treat and care for her during her lifetime." At the death of Harriet the will provides that the trust estate shall go to the children of Maria. It is perfectly clear that the testatrix intended Maria and Harriet to be the principal beneficiaries of her bounty. To Maria she gave one-half of the residuary estate absolutely, but because Harriet was of weak mind her share was left in trust, the income, or so much thereof as may be deemed necessary, to be used for her comfortable maintenance and support during life. Maria was named as trustee with the request that Harriet should be given a home with her and this request has been respected by the trustee. Harriet has made her home with the trustee, who now asks that a certain credit be allowed her for this care and maintenance. The amount of the credit claimed is not contested, but it was successfully contended in the court below that the trust estate should not contribute anything toward the support of Harriet because this weak-minded daughter had an ample independent estate to provide for her every want. It may be that the independent estate is sufficient to comfortably support and maintain Harriet, but the testatrix knew of these facts at the time she executed her will, under the terms of which no such limitation was imposed upon the trust estate, the income of which, or so much thereof as may be deemed necessary, it was ordered should be used for her support and maintenance. The will in express terms provides that the income derived from the trust estate shall be used for the care and maintenance of Harriet and no sufficient reason has been given why payment therefor should not follow as a legal consequence of this positive direction. The trustee has comfortably maintained the weak-minded daughter

at the place designated by the testatrix, and the income of the trust estate, or at least a certain portion of it, is now claimed by the trustee in payment for this maintenance. It is not a sufficient answer to the claim of the accountant to suggest that it might or should have been collected from some other estate. The trust estate was created for this express purpose and the claim presented but refused in the court below arose by reason of the care required and maintenance provided for Harriet by the trustee under the direction of the will. No abuse of discretion by the trustee has either been claimed or shown and the amount of the charge has not been questioned. Under these circumstances the credit should have been allowed and the account confirmed. It is not necessary in this proceeding to discuss the equities that may exist between the trustee on one side and the committee of the lunatic on the other, relating to the care and maintenance of the unfortunate cestui que trust. We do decide, however, that the claim presented is a valid one against the trust estate.

Decree reversed and record remitted with instructions to allow the credit claimed by the trustee for the board, maintenance and care of Harriet. Costs to be paid out of the trust estate.

